UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARRIE MEYER,

    Plaintiff,

-vs-

MACOMB TOWNSHIP OF MACOMB
COUNTY, MICHIGAN; JOHN BRENNAN,
individually and in his capacity as Township
supervisor; and JOHN BROGOWICZ,
individually and in his capacity as Human
Resources Director, Jointly and Severally,

    Defendants.

Case No. 06-14953

Judge Avern Cohn

_____/

# MEMORANDUM AND ORDER DENYING
# PLAINTIFF'S MOTION FOR REHEARING OR RECONSIDERATION

## I. Introduction

This is an employment case. Plaintiff Carrie Meyer ("Meyer") claims that she was sexually harassed and discriminated against based on her gender during the course of her employment with defendant Macomb Township. On May 14, 2008, the Court entered an order granting in part and denying in part defendants' motion for summary judgment. As part of the Memorandum and Order, the Court found that the defendants were entitled to summary judgment on Meyer's claim of retaliation under the Michigan Elliott-Larsen Civil Rights Act, MCL § 37.2701. Before the Court is Meyer's motion for reconsideration of the order granting summary judgment as to the retaliation claim. For the reasons stated below, Meyer's motion is DENIED.

## II. Discussion

The facts are set forth in detail in the Court's Memorandum and Order of May 14, 2008.

In her response brief to the defendants' motion for summary judgment, Meyer based her retaliation claim primarily on the statement of defendant John Brogowicz ("Brogowicz") in a letter to the Equal Employment Opportunity Commission that Meyer was terminated for, among other reasons, providing false and misleading information relating to her previous employment. In her motion for reconsideration, Meyer ignores this issue and asserts that the defendants violated the Elliott-Larsen Act by terminating her in retaliation for reporting instances of sexual harassment.

Meyer's motion lacks merit because she has not come forward with any evidence tending to suggest that her complaints about sexual harassment were a "significant factor" in the decision to terminate her. Booker v. Brown and Williamson, 879 F.3d 1304, 1310 (6th Cir. 1989). The "significant factor" standard "requires more than a showing of a 'causal link.' A factor can be a 'cause' without being 'significant.' Only the latter is sufficient to show retaliatory discharge." Polk v. Yellow Freight System, Inc., 801 F.2d 190, 199 (6th Cir. 1986).

Meyer says that she complained about sexual harassment to Brogowicz and others a number of times beginning in June 2005. She was terminated in November 2005. All the evidence suggests that Meyer was terminated primarily due to her failure to bring the Macomb Township Fire Department's Record Management System online in a timely manner. The evidence also shows that failure to observe office policies and personality conflicts with other employees may have played a role in the decision.

There is nothing beyond the timing of the decision that tends to suggest that Meyer may have been fired in retaliation for her complaints of sexual harassment. Meyer emphasizes the timing in her motion, arguing that "the Defendants conspired to terminate [Meyer's] employment only after she reported to Brogowicz and [Defendant John] Brennan the fact that [Meyer] was sexually harassed by Chief Raymond Ahonen." But Meyer cannot make out a *prima facie* claim for retaliation under Elliott-Larsen simply by relying on the principle of *post hoc ergo propter hoc*. The "significant factor" test requires more.

Finally, Meyer's reliance on Cline v. BWXT Y-12, LLC, 521 F.3d 507 (6th Cir. 2008), is misplaced. For one thing, Cline was decided under a Tennessee statute that requires a plaintiff to show only a "causal connection between the protected activity and the adverse employment action." Id. at 513. As noted above, Elliott-Larsen utilizes a more stringent "significant factor" standard. More importantly, the plaintiff in Cline could point to evidence suggesting a causal link between a discrimination lawsuit he had filed against the defendant company and a subsequent decision not to hire him.[1] There is no such evidence in the record in this case.

SO ORDERED.

Dated: June 17, 2008         s/Avern Cohn
                             AVERN COHN
                             UNITED STATES DISTRICT JUDGE

---

[1] The evidence in Cline tended to show that the defendant company reversed its decision to hire Cline after one of the decisionmakers in the hiring process "mentioned that [the company was] in litigation with Mr. Cline and that he may not be the best person to do the training because of the litigation factor." Id. at 514.

3

**06-14953 Meyer v. Macomb Township, et al**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 17, 2008, by electronic and/or ordinary mail.

                                          s/Julie Owens
                                          Case Manager, (313) 234-5160