UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CARRIE MEYER,

      Plaintiff,

                                         Case No. 06-14953

-vs-                                HON. AVERN COHN

MACOMB TOWNSHIP OF MACOMB
COUNTY, MICHIGAN,

      Defendant.

_____/

**MEMORANDUM AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO**
**FEDERAL RULES OF CIVIL PROCEDURE RULE 60, LOCAL RULE 7.1, AND MCR**
**2.517(B) (Doc. No. 86)**
**AND**
**DENYING PLAINTIFF'S MOTION TO QUASH ORDER ON DEFENDANTS' MOTION**
**TO ENFORCE TERMS OF SETTLEMENT AGREEMENT AND FOR COMPLIANCE**
**WITH ORDER OF COURT REGARDING DISTRIBUTION OF SETTLEMENT FUNDS**
**(Doc. No. 91)**
**AND**
**DIRECTING THE CLERK OF COURT TO DISTRIBUTE THE SETTLEMENT AMOUNT**
**AND**
**CLOSING THE CASE**

I.

      This is an employment case. Plaintiff Carrie Meyer ("Meyer") claimed that she

was sexually harassed and discriminated against based on her gender during the

course of her employment with defendant Macomb Township. The case settled for

$35,000.00 which has been deposited with the Court. Meyer, acting on her own, has

protested the terms of the settlement enforced by the Court, particularly as to the extent

her current or former counsel shares in the proceeds of the settlement in the form of

attorney fees.  The Court held a hearing the following pending motions:

> Plaintiff's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure Rule 60, Local Rule 7.1, and Mcr 2.517(b) (Doc. No. 86)
>
> and
>
> Plaintiff's Motion to Quash Order on Defendants' Motion to Enforce Terms of Settlement Agreement and for Compliance with Order of Court Regarding Distribution of Settlement Funds Meyer's Motion for Reconsideration of Stipulation and Order (Doc. No. 91)

The Court held a hearing on the motions on June 30, 2010.  The Court gave all

parties the opportunity to address the Court and add anything to their papers.  For the

reasons that follow, the motions will be denied.  Also, the Clerk of Court will be directed

to distribute the settlement funds and the case will be closed.

II.

During the course of the case, and after summary judgment was denied in part,

Meyer's initial counsel, Jamil Akhtar (Akhtar) withdrew and Meyer eventually retained

new counsel in the person of Scott Combs (Combs).  The Court was then informed that

the case had settled for $35,000.00.  Meanwhile, Akhtar filed a motion to enforce an

attorney lien or for quantum meriut.  Following a hearing and supplemental papers, on

March 10, 2010, the Court entered an order granting Akhtar's motion and awarding

attorney fees in the amount of $10,000.00 to Akhtar and $5,000.00 to Combs.  The

Court further ordered that Meyer would receive the balance of the settlement

($20,000.00).  See Order Regarding Attorney Fees, filed March 10, 2010 (Doc. No. 81).

Meyer, acting on her own and apparently unbeknownst to her counsel or defense

counsel, deleted language in the settlement agreement regarding the distribution of the

$35,000.00 (removing language that the Court would order distribution) and then signed and executed it. Upon discovering this, defense counsel filed a Motion to Enforce Settlement Agreement and for Compliance with the Order of the Court Regarding Distribution of Funds which contained language as to the Court's authority to order distribution.

Meyer, acting on her own, filed a response to the motion. She also filed, on her own, a motion for reconsideration (Doc. No. 86). While these documents were filed by Meyer, Combs had not withdrawn and still remains her attorney of record. In her response to the motion to enforce, Meyer essentially takes issue with the way in which the settlement drafts were circulated and does not believe the settlement she agreed to carved out any monies for her attorneys. She also alleges all counsel have violated ethical rules.

In her motion for reconsideration, Meyer says she never agreed to have the individual defendants dismissed. She also presents the same arguments as to the settlement, i.e. the settlement she agreed to was not the one presented to the Court.

The Court held a hearing on the motion to enforce on April 21, 2010. Meyer attempted to address the Court; the Court told her that her counsel represented her and she would be able to address the Court at a later date.

On April 30, 2010, the Court entered an Order on Defendant's Motion to Enforce Terms of Settlement Agreement and for Compliance with Order of Court Regarding Distribution of Funds ("Enforcement Order"). The Enforcement Order provided that Macomb Township deposit $35,000.00 into the Court at which time Macomb Township is relieved of liability and the settlement in full force and effect. The Enforcement Order

3

also provided that once the funds were deposited, the Court would hold a hearing on the distribution of the funds. The Enforcement Order was prepared by counsel for Macomb Township with Combs indicating he approved its form and content.

Apparently, Macomb Township did not follow up on how to deposit the funds with the Court.

In the meantime, on May 25, 2010, Meyer, again on her own, filed a paper styled "Motion to Quash Order on Defendant's Motion to Enforce Terms of Settlement Agreement and For Compliance with Order of Court Regarding Distribution of Funds." (Doc. No. 91) As best as can be gleaned, Meyer objects to not being able to address the Court at the April 21 hearing. She also said attorney Combs "did not represent her at the hearing" and that Combs only appeared because "he had not filed a formal Motion to Withdraw." She further objects to Combs "approving" the Enforcement Order continues to object to Akhtar or Combs receiving any proceeds of the settlement and continues to allege counsel engaged in unethical conduct.

Both Combs and Macomb Township filed responses to Meyer's Motion to Quash. (See Doc. Nos. 93, 94). Combs argues that the Court's breakdown of the settlement amount is appropriate and denies any misconduct. He says he spent an inordinate amount of time settling the case and Meyer agreed to the settlement as the Court has enforced it.

As to Macomb Township, while the Enforcement Order clearly stated that Macomb Township should deposit the settlement amount with the Court and "once said funds have been deposited into the Court, the liability of Defendant shall be absolved," Macomb Township had yet to actually deposit the funds at the time they filed their

4

response to Meyer's motion. In any event, on June 7, 2010, the Court entered an Order Directing the Deposit of Settlement Funds with the Court (Doc. No. 95). At that point, Macomb Township finally deposited the check. The monies are now in an account with the Court.

III.

It is time for this case to come to an end. Meyer's motions lack merit. Meyer agreed to settle the case for $35,000.00. The settlement agreement the Court enforced was the version she agreed to, despite her protestations to the contrary. Moreover, to the extent her motion for reconsideration challenges the dismissal of the individual defendants, the stipulated dismissal was properly entered.

As to the distribution of the settlement, Meyer presents no good arguments for altering the distribution the Court directed in the Order Regarding Attorney Fees.

Finally, with respect to Combs, he is still counsel of record. However, clearly the relationship has broken down to the point that functionally she is representing herself. Despite Comb's suggestion that the Court order him removed from the case, there appears no need to do so (nor did Combs provide any authority for the Court sua sponte removing him) under the circumstances.

IV.

For the reasons stated above, Meyer's motions are DENIED.

The Clerk of the Court shall distribute the proceeds of the $35,000.00 settlement

amount by issuing three (3) checks forthwith as follows:

$10,000.00 to        Jamil Akhtar
Jamil Akhtar PC
7577 US Highway 12
Onsted, MI  49265

$5,000.00 to        Scott Combs
Law Offices of Scott E. Combs
27780 Novi Rd Ste 105
Novi, MI  48377

$20,000.00 to        Carrie Meyer
28453 Newport
Warren, MI  48088

This case is CLOSED.

SO ORDERED.


                    S/Avern Cohn
                    AVERN COHN
                    UNITED STATES DISTRICT JUDGE


Dated:  June 30, 2010


I hereby certify that a copy of the foregoing document was mailed to Carrie Meyer, 28453 Newport, Warren, MI 48088 and the attorneys of record on this date, June 30, 2010, by electronic and/or ordinary mail.


                    S/Julie Owens
                    Case Manager, (313) 234-5160